**Annette Proctor, Appellee, v. Chicago City Railway Company, Appellant.**

### Gen. No. 17,426.

1. CARRIERS—*fall of alighting passenger not caused by negligence.* In an action based on the alleged negligence of a street car company in suddenly starting a car in motion while a passenger was attempting to alight therefrom, *held* that a verdict for plaintiff was against the

manifest weight of the evidence which tended to show that something else than the sudden starting of the car was the cause of plaintiff's fall.

2. CARRIERS—*when erroneous instruction is not prejudicial.* The giving of an instruction announcing the right of a passenger to recover for the premature starting of a street car in terms broader than that claimed in the declaration, may not be prejudicial error where another unobjectionable instruction is given.

Appeal from the Superior Court of Cook county; the HON. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed June 30, 1913.

WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

FRANCIS W. WALKER, for appellee; KENNER S. BOREMAN, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from a judgment in the Superior Court in an action for personal injuries charged in the declaration to have been received by appellee in consequence of the negligence of appellant, through its servants, in suddenly and violently starting in motion a car on which appellee was a passenger for hire, while she was in the act of alighting therefrom, by means whereof she was thrown violently forward and caused to step and fall into a hole in the street there. The evidence was conflicting. There was some evidence tending to support the claim of appellee as alleged in her declaration; some tending to show that she was so thrown by the sudden and violent "stopping" of the car, and much and by far the greater amount of evidence tends to show that she fell while the car was standing still and while she was in the act of alighting therefrom or after she had safely alighted and had started to walk to the sidewalk. The jury, besides finding appellant guilty, found specially that appellee

Proctor v. Chicago City Ry. Co., 181 Ill. App. 635.

was thrown from the car by the starting forward of the same while she was attempting to alight and before she had alighted therefrom, and that she was not thrown therefrom by the stopping of the same.

The first ground urged why the judgment should be reversed is that both the general and special verdicts of the jury are contrary to the manifest weight of the evidence. Appellee herself testified that she was on the platform ready to get off when the car stopped; that she took hold of the hand hold or railing on the car with her left hand, and as she was in the act of alighting, with one foot on the step and the other "in the air" ready to step down, the conductor rang the bell and the car started with a jerk; that she held on with her left hand in an attempt to recover her position on the car until it jerked a second time, whether in stopping or going forward she does not say, when something hurt her or struck her and the next thing she knew she was in a drug store with her shoe off and someone holding some water to her lips; that when the car stopped at the crossing before she attempted to alight, she saw one person and one only and that a lady there waiting to board the car, but that she did not know whether or not that lady actually boarded the car.

Mose Abraham, a witness called by appellee, testified that he saw appellee standing up inside the car; that as it approached the place of the accident appellee was coming toward the car door and when she got on to the step of the car, "the car gave a sudden stop," and he saw her fall off from the step of the car into a hole in the street; that he and one Levengood went to her assistance and carried her bodily into a nearby drug store; that she was unconscious until Levengood procured some water and struck her face with it; that another lady boarded the car after it stopped the first time and while it was standing there before appellee was thrown off; that no one else boarded the car there;

that this lady who there boarded the car was thrown against the corner of the car by the sudden jerk of the car; that the car stopped twice in twelve feet; that when appellee was standing in the doorway of the car with her hand on the rail he saw the conductor pull the bell; that at the time he pulled the bell no one was trying to get off and no one did then get off; that the car started up and then stopped suddenly; that the hole in which appellee fell was two feet from the car track; that appellee remained standing on the platform all the time the car was standing there and while the other lady was getting on and until the car started up; that after the car started up appellee made a movement toward getting off; that when the car stopped the second time, it stopped with a sudden jerk and appellee then fell off.

Harry Levengood, a witness called by appellee, testified that he was with the witness, Abraham, when the accident happened; that he first saw appellee standing with one foot on the step and one foot on the platform of the car when it started up suddenly and stopped suddenly and threw her off, and she fell into a hole in the street about two or three feet from the car; that when the car was standing there after it stopped the first time a lady boarded it. Appellee, Abraham and Levengood were all the witnesses called by appellee to show how the accident happened. On that question appellant called as witnesses John Bernet, William G. Cogswell, Catherine T. Leonard, Rose Young, Harry B. Young, William Berg, and Jesse D. Miller.

Bernet testified that he was on the rear platform waiting for a transfer when the accident occurred; that the car came to a full stop and while it was standing still appellee stepped off from it, took two or three steps in the street and sank down on the street; that several persons boarded the car while it was standing there; that the car did not start up after it first stopped until after appellee had been taken to the drug store.

Cogswell, an investigator for appellant in its claim department, testified that after the accident he saw appellee and that she told him that appellant was in no way to blame; that the hole in the street was the sole and only cause of the accident; that she stepped from the car into the street, stepped into a hole and fell down.. Appellee denies having said this to the witness.

Catherine T. Leonard testified that she saw an accident to a lady at the time and place in question; that the car stopped and witness stepped from the street to the first step; that she noticed a lady getting off; that the lady stepped down from the platform onto the step just as the witness stepped from the ground onto the step; that just behind witness a gentleman and lady with a baby in her arms boarded the car; that the lady with the baby remarked that the lady who was leaving the car ran into the baby and witness looked and saw the lady who had gotten off sort of sitting down in the street about four feet from the car with her feet under her; that the conductor and another man assisted her in getting upon her feet; that there were no signs of her being unconscious; that the car was not started up after it first stopped until after appellee had been taken to the drug store.

Rose Young testified that she saw the accident; that as witness and her husband were boarding the car appellee was getting off and jostled against witness who was carrying her baby; that after witness had gained the platform of the car she looked around and saw appellee was down in the street four or five feet from the car in a sitting position; that the conductor and another man took appellee to drug store; that the car stood there five or ten minutes and did not start up and then stop again until after the conductor returned from the drug store where appellee was taken; that witness was in the act of boarding the car and had one foot on the first step and one on the ground

as appellee fell; that appellee was one step down from the platform of the car and then fell from the step to the ground and was in a sitting position with her back to the car.

Harry B. Young, husband of Rose Young, testified that as the car approached the place of the accident he and his wife, with the baby, were on the left side of the track coming to take the car, but were too late to pass ahead of it; that when the car stopped they passed around behind it and boarded it; that as his wife was in the act of boarding the car someone hit the baby and fell in the street; that witness did not see the person actually on the ground, but saw the conductor and other persons assisting her from the ground; that the car did not start and stop again after it first stopped until after the accident, but stood still all the time.

William Berg, the motorman, testified that at the time of the accident the car stopped to receive passengers who were there waiting and did not start up again for four or five minutes and not until the conductor returned from the drug store, but that he did not see the accident.

Jesse D. Miller, who was the conductor of the car at the time of the accident, testified that after the car had stopped to receive and take on passengers appellee stepped off the car and walked a couple of steps; that as she took about the second step her ankle turned and she went down on the pavement; that she did not fall lengthwise on the ground, but sank or "kind of sat down"; that he assisted her to the drug store; that the car did not start after it first stopped until he had returned from the drug store, and was not in motion at any time when appellee was alighting therefrom.

With the fact in mind that the right of appellee to recover, as alleged in her declaration, the special finding of the jury and the general verdict, are all based on the negligence of appellant in suddenly starting

the car in motion while appellee was attempting to alight therefrom it seems to us that fair minded and unprejudiced persons on a consideration of the evidence must agree that the verdict is manifestly wrong, and that the manifest weight of the evidence in this record tends to show that something else than the sudden starting of the car was the cause of appellee's fall. While courts of review are and should be slow to interpose their judgment as to the facts against the finding of a jury, where such finding is as palpably wrong as it seems to be in this case, it becomes a duty that must be performed.

Some criticisms have been made of the rulings of the trial court on the admissions of evidence that are technically well taken, but we are unable to see how appellant could have been prejudiced thereby, and would not disturb the judgment on that account.

Two given instructions are complained of. The basis of appellee's right to recover, as announced in one of these instructions, is broader than that claimed by the declaration. By this instruction the jury are told, in effect, that appellee had a right to recover if the car was suddenly and violently started while she was preparing or was about to alight from the car. While the negligence charged in the declaration is that it was so started while she was attempting to alight therefrom, in the light of the other instructions given we do not think the giving of this one was prejudicial error, although it should not have been given. The objections urged to the other instructions complained of can not be sustained.

Because the verdict of the jury was manifestly against the weight of the evidence, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*